UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ELI SOLIZ, | § | |
| TDCJ #02047366, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-181 |
| | § | |
| CESAR SANCHEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Eli Soliz, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Soliz has paid the filing fee. Plaintiff alleges that Defendant Bryan Millard, a correctional officer, threatened him with a knife on May 25, 2017. He also alleges that Defendants Cesar Sanchez, Linda Hone, and Melanie Whitlow failed to properly handle Plaintiff's complaints regarding Millard's conduct. In addition to his complaint (Dkt. 1), Soliz has provided a more definite statement (Dkt. 7) in compliance with the Court's instructions.

Because Soliz is incarcerated and seeks redress from state officials or employees, the Prisoner Litigation Reform Act ("PLRA") requires the Court to review the pleadings and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). After reviewing all of the pleadings and the applicable law, the Court concludes that Soliz's claims must be **DISMISSED** for the reasons that follow.

I.     BACKGROUND

On May 25, 2017, Soliz was incarcerated at the Ramsey I Unit in Rosharon, Texas. He alleges that Defendant Millard, a correctional officer, committed "aggravated assault with a deadly weapon" against him when he pulled a "personal unissued" knife and threatened Soliz with it (Dkt. 1, at 6).

The facts as alleged by Plaintiff are as follows: On May 25, 2017, Soliz was working in the office of Heidi Millard, Defendant Millard's wife, who also was employed at the Ramsey I Unit. Defendant Millard entered the office, demanded his wife's cell phone, and looked through it (*id.*; Dkt. 7, at 1-2). Soliz chuckled and, when Defendant Millard asked, "you think something's funny?," Soliz answered, "yeah you are" (*id.*; *see* Dkt. 1, at 6 (Soliz told Millard that he was "a joke")). Millard then pulled a knife out of his right pocket and threatened to cut Soliz with it (*id.*; Dkt. 7, at 2). Millard was eight to ten feet away from Soliz when he first pulled the knife but came within two to three feet of him with the knife drawn (*id.*). After about one minute, when Millard's supervisor entered the office, Millard acted as though he had been cleaning his fingernails with the knife and put it away (*id.* at 3). Soliz reported the incident to correctional officials who then searched Millard, found the weapon on him, and escorted him off the unit (Dkt. 1, at 6). Shortly after the incident, Millard was fired (*id.* at 7).[1]

Soliz states that he was in fear for his life during the incident because Millard had pulled his knife on a previous occasion and had accused Soliz of having an affair with

---

[1] Soliz was transferred to solitary confinement immediately after the incident but did not receive a disciplinary case (*id.* at 6; Dkt. 7, at 7).

Heidi Millard (*id*. at 6; Dkt. 7, at 3). Soliz believed Millard to be unstable and "capable of anything" (*id*.). He states that, as an inmate, he was unable to defend himself and that Millard could have killed him and then "fabricated an alibi to justify his actions" (*id*.).

Soliz had "no visible scars, cuts, or bruises" but, as a result of the incident, suffered a "tremendous amount of stress and anxiety," rapid heartbeat, confusion, nervous breakdowns, and tightness in his chest (*id*. at 4). In November 2018, approximately 18 months after the incident, he requested medical attention and was referred for psychiatric counseling (*id*. at 4-5). He also received medical care in December 2018 for hypertension, rapid heartbeat, chest tightness, and other symptoms (*id*. at 5-6).

On May 26, 2017, the day after the incident, Soliz gave a recorded statement to Officer Cesar Sanchez with the Office of the Inspector General ("OIG"), who is named as a defendant in this action. Soliz alleges that several months later, Sanchez told Plaintiff that no criminal charges had been filed against Millard because "[t]here was not enough evidence to submit to the [District Attorney's] office" (Dkt. 1, at 7). Rather, Sanchez told him that TDCJ had handled the matter administratively, stating, "He got fired . . . What else do you want?" (*id*.). Plaintiff protested to Sanchez, arguing that a crime had occurred:

> I told Mr. Sanchez, "You have a victim, a weapon, a motive, and even an alibi. He even admitted he believed an affair was going on all you are lacking is a confession." All the elements of a crime were present. He smiled and said, "Look, you have to understand that you are in prison and the law applies differently."

(*id*.).  Soliz claims that Sanchez's refusal to pursue criminal charges was "a violation of [his] 14th Amendment rights" (*id*.).

Soliz did not file an administrative grievance against Millard (Dkt. 7, at 6).[2] However, he filed three grievances regarding Sanchez's decision not to bring criminal charges against Millard.  First, Soliz submitted a grievance on August 10, 2017 requesting reconsideration of the OIG decision not to bring criminal charges against Millard  (Dkt. 1-1, at 28-30).  The grievance was returned to Soliz with notification that the issue presented was "not grievable" (*id*. at 29).  Melanie Whitlow, whom Soliz names as a defendant in this action, added a handwritten note stating, "OIG decisions are not grievable in this office" (*id*. at 30).  Soliz then filed a step two grievance, on which prison officials apparently took no action (*id*. at 32-33).  Second, in October 2017, Soliz filed a new step one grievance complaining that his earlier step two grievance had not been answered (*id*. at 39-41).  This grievance was returned to Soliz with a notification that the grievable time had expired (*id*. at 40).  Linda Hone, whom Soliz also names as a defendant in this action, signed the notification and wrote, apparently in error, that Soliz had not filed a step two grievance (*id*. at 41).  Soliz filed another step two grievance, which reflects no response from officials (*id*. at 43-44).  Third, in November 2017, Soliz filed a new step one grievance complaining that the step two grievance he filed in October had not been answered (*id*. at 46-48).  This grievance was returned with a

---

[2]   Soliz states that he did not file grievance against Millard "because this particular incident was a crime which required immediate attention and as a man of integrity I believed the word of Officer Sanchez when he assured me that he would take care of this and get to the bottom of this. Captain Smith also assured me that as long as statements were taken by both TDCJ and OIG that no grievance would be necessary" (*id*.).

4 / 11

notification from Hone that the grievance was "inappropriate" and that grievances should not be used as I-60 requests (*id*. at 47). Hone explained, "You may not file a Step 2 on a screened grievance. Next time submit an I-60 to this office, <u>do not</u> use the I-127 form as an I-60" (*id*. at 48).

Soliz followed Hone's instructions and filed an I-60 request. In response, Hone supplied him with copies of the grievances he had filed (Dkt. 1, at 8). Plaintiff claims that Hone's possession of the grievances proves that Hone "had [the grievances] but did not respond to them," and therefore was "interfering with the due process of law" (*id*.). Based on these facts, Soliz alleges that "[t]he grievance department will not let me exhaust the grievance procedure" (*id*.).

Soliz seeks nominal, compensatory, and punitive damages totaling $3.5 million (*id*. at 4).

## II. STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b), § 1915(e)(2)(B). A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *see Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. . . . A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v.*

*Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III. ANALYSIS

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. See *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Plaintiff's claims regarding an alleged assault by Millard are governed by the Eighth Amendment's prohibition against cruel and unusual punishment. His claims against Sanchez, Horne, and Whitlow regarding their responses to his complaints are governed by the Fourteenth Amendment's guarantee of due process.

### A. Eighth Amendment Claim

Plaintiff alleges that Millard assaulted him when Millard threatened him with a knife. Under the PLRA, inmates bringing an action regarding prison conditions under 42 U.S.C. § 1983 or other federal law must first exhaust all administrative remedies "as are available." 42 U.S.C. § 1997e(a). See *Ross v. Blake*, 136 S. Ct. 1850 (2016); *Jones v. Bock*, 549 U.S. 199, 212 (2007). The TDCJ has a two-step formal grievance process, and an inmate must pursue a grievance through both steps for the claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The exhaustion requirement is mandatory and strictly enforced. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). Based on Plaintiff's statement that he did not file an administrative grievance against Millard (Dkt. 7, at 6), his claim against Millard appears subject to dismissal based his failure to exhaust administrative remedies. More fundamentally, however, the claim fails under Eighth Amendment standards for the reasons explained below.

When a prisoner claims that a prison official used excessive force in violation of the Eighth Amendment's ban on cruel and unusual punishments, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). "[Not] every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. The Eighth Amendment prohibition "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10 (internal citations and quotation marks omitted). *Hudson*, applying *Whitley*, identified five factors relevant to the Court's analysis: (1) the extent of injury suffered by the inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of a forceful response. *Id*. at 7; *Cowart v. Erwin*, 837 F.3d 444, 452-53 (5th Cir. 2016). Regarding injury to the inmate, the Court stated, "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Hudson*, 503 U.S. at 7. "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

In this case, Soliz does not allege that Millard actually used force against him. Rather, he alleges that Millard came within two to three feet of him with the knife and did not make physical contact (Dkt 7, at 2). Although Plaintiff argues that Millard's conduct meets the elements of assault under Texas law, an Eighth Amendment claim

under § 1983 requires a different showing. Soliz has not pleaded facts supporting a claim for the use of excessive physical force against him, and therefore fails to state a claim upon which relief can be granted under the Eighth Amendment. *See Wilkins*, 559 U.S. at 38; *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("verbal abuse by a prison guard does not give rise to a cause of action under § 1983" in the absence of sufficient physical injury); *see also White v. Gutierrez*, 274 F. App'x 349, at *1 (5th Cir. 2008) ("[v]erbal abuse and threatening language and gestures . . . do not give rise to a cause of action under § 1983"); *Wallace v. Owens*, 48 F. App'x 105, at *1 (5th Cir. 2002) (dismissing § 1983 claim regarding defendants' threats to cause bodily harm because plaintiff had not alleged any physical injury, "*de minimus* or otherwise").

Additionally, because Soliz has pleaded no physical injury, the PLRA bars recovery on his claim. Soliz states that he has no "visible scars, cuts, or bruises" but that, since the incident, he has suffered stress, anxiety, rapid heartbeat, and other symptoms and that he received psychiatric counseling 18 months after the incident (Dkt 7, at 4). The PLRA, 42 U.S.C. § 1997e(e), precludes an action for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." Therefore, his claim is subject to dismissal on this additional basis.

For all of the reasons above, Plaintiff's § 1983 claim against Millard must be dismissed for failure to state a claim for which relief may be granted. 28 U.S.C. § 1915A(b).

### B. Fourteenth Amendment Claim

Soliz alleges that Sanchez, the OIG investigator, violated Soliz's due process rights when he failed to refer Millard to the district attorney for criminal charges. This allegation fails to state a claim upon which relief can be granted because Soliz does not have a constitutional right to have Millard criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that the plaintiff did not have the constitutional right to a criminal prosecution against prison guards who allegedly beat him); *Green v. Revel*, 413 F. App'x 698, 700 (5th Cir. 2011) ("To the extent that [the plaintiff] sought a criminal investigation of the [alleged] rape [by his cellmate], [the plaintiff] did not have a constitutional right to have a criminal investigation conducted or the offender prosecuted").

Soliz also alleges that defendants Hone and Whitlow violated his due process rights in their handling of his administrative grievances. However, an inmate's allegation that grievances were not adequately investigated or resolved to his satisfaction does not state a claim for relief under the Due Process Clause. *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014); *Geiger*, 404 F.3d at 373-74. Soliz alleges that Whitlow and Hone told him that the grievance procedure was not appropriate for his complaint that Sanchez had not pursued criminal prosecution of Millard, and that Hone instructed him to use the I-60 procedure rather than the grievance procedure. Although Plaintiff alleges that "[t]he grievance department will not let me exhaust the grievance procedure" (Dkt. 1, at 8), in fact the defendants informed him in writing that the grievance procedure was not available to seek criminal prosecution of Millard. Therefore, he fails to state a valid due

process claim against Whitlow or Hone. *See Stauffer*, 741 F.3d at 587 (because prison officials investigated the plaintiff's grievance and provided "a written justification for why he was not entitled to relief," the plaintiff had failed to state a due process claim). Moreover, as held above, Plaintiff did not have a constitutional right to the relief he ultimately sought, which was the criminal prosecution of Millard. *See Geiger*, 404 F.3d at 374 ("As [plaintiff] relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless").

Plaintiff's allegations fail to state a valid due process claim against Sanchez, Hone, or Whitlow, and must be dismissed. *See* 28 U.S.C. § 1915A(b).

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that all of Plaintiff's claims under § 1983 are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Galveston, Texas, this 26th day of April, 2019.

_____
George C. Hanks Jr.
United States District Judge